IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | CRIMINAL INDICTMENT |
| | :: | |
| v. | :: | NO. 1:10-CR-521-TCB/AJB |
| | :: | |
| JEROME BUSHAY [#1], | :: | (First Superseding Indictment) |
| CHRISTOPHER DIXON [#3], | :: | |
| MARK TOMLINSON [#4], | :: | |
| NIGEL EDWARDS [#7], | :: | |
| RICARDO DUNCAN [#9], | :: | |
| CHRISTOPHER WILLIAMS [#11], | :: | |
| CONRAD HARVEY [#13], | :: | |
| | :: | |
| Defendants | :: | |
| | :: | |
| NUGEN MOTOR SPORTS, INC., | :: | |
| *d/b/a* Nugen MotorSports, | :: | |
| | :: | |
| Movant. | :: | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation ("R&R") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. CrR. 58.1(A)(3)(a), (b). Let the same be field and a copy of the R&R, together with a copy of this Order, shall be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the R&R within **fourteen (14)** days of service of this Order. Should objections be filed,

AO 72A
(Rev.8/82)

they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990). The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to object in accordance with this rule waives a party's right to review. FED. R. CRIM. P. 59(b)(2).

Pursuant to 18 U.S.C. § 3161(h)(1)(H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.** If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983). The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

2

**IT IS SO ORDERED and DIRECTED**, this __18th__ day of __July__, 2011.

```
_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | :: | CRIMINAL INDICTMENT |
| --- | --- | --- |
| v. | :: | NO. 1:10-CR-521-TCB/AJB |
| JEROME BUSHAY [#1], | :: | (First Superseding Indictment) |
| CHRISTOPHER DIXON [#3], | :: | |
| MARK TOMLINSON [#4], | :: | |
| NIGEL EDWARDS [#7], | :: | |
| RICARDO DUNCAN [#9], | :: | |
| CHRISTOPHER WILLIAMS [#11], | :: | |
| CONRAD HARVEY [#13], | :: | |
| Defendants | :: | |
| NUGEN MOTOR SPORTS, INC., | :: | |
| *d/b/a* Nugen MotorSports, | :: | |
| Movant. | :: | |

**UNITED STATES MAGISTRATE JUDGES'**
**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Before the Court are the motion for partial dismissal of forfeiture provision and release of certain wrongfully seized property filed by Nugen Motor Sports, Inc. ("Nugen"), [Doc. 216], and the government's motion to extend the time to respond, [Doc. 250]. For the following reasons, the undersigned **GRANTS** *nunc pro tunc* the government's motion to extend the time to respond and **RECOMMENDS** that Nugen's motion for partial dismissal be **DENIED**.

AO 72A
(Rev.8/82)

*Introduction*

The first superseding indictment, [Doc. 171], provides that upon conviction of the defendants of one or more of the controlled substance offenses alleged in Counts One through Five, Seven, Nine, and Ten of the indictment, the government seeks forfeiture, pursuant to 21 U.S.C. § 853, of:

> any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including, but not limited to, the following:
>
> * * * *
>
> • One white 2007 Audi Q7, VIN WAlBV74L87D027015[.]

[Doc. 171 at 7-8].

Nugen claims to be the lawful owner of the Audi, and on February 18, 2011, filed the pending motion for partial dismissal. [Doc. 216]. On March 2, 2011, the government sought additional time to respond to the motion. [Doc. 250]. Nugen opposed the motion. [Doc. 254]. The government then filed its opposition to the motion to partially dismiss on March 16, 2011. [Doc. 266]. Nugen replied to the government's brief on March 18, 2011. [Doc. 267]. With briefing completed, the Court first turns to the government's motion to extend the time to file its reply.

*Government's motion to extend the time to respond, [Doc. 250]*

The government sought additional time to file its response to Nugen's motion because the Assistant U.S. Attorney who was tasked to prepare the response entered her appearance the same date (March 2) that she filed the extension motion. [Doc. 250 at 1]. Nugen objected solely on the grounds that the Audi was seized without probable cause and if there had been legal cause to seize it, the government would not need additional time to file a response to its motion. [Doc. 254 at 1-2].

Unlike the Court's civil rules, the Court's criminal rules require that a party be directed to respond to a pretrial motion before the 14-day time period begins to run. N.D. Ga. R. 7.1(B). As a result, the government's motion was not necessary because it had not been directed to respond to the motion for partial dismissal.

Even if the government had to file its response within 14 days of Nugen's motion, the government sought to extend the deadline before the expiration of the 14 days, and thus it was entitled to an extension of time if it satisfied the requirements of FED. R. CRIM. P. 45(b)(1)(A) (permitting extensions of time on showing of good cause if request is made before expiration of initial or extended deadline).

In this case, the Court finds good cause. AUSA Krueger is on the "civil" side of the U.S. Attorney's Office and ordinarily would not be filing motions or responding to

3

them at this stage of a criminal case. The government's time to respond should be extended in order to allow the attorney who is tasked with filing the response to prepare it. Nugen's arguments to the contrary do not establish that the government's reason for extending the time does not amount to good cause, but rather just challenge the merits of the government's seizure in the first place. As a result, the government motion to extend the time to respond,[Doc. 250], is **GRANTED** and the response is treated as timely filed.

*Motion for partial dismissal of forfeiture provision and release of certain wrongfully seized property, [Doc. 216]*

### A.     Contentions of the parties

Nugen moves to partially dismiss the forfeiture provision of the superseding indictment as it pertains to the Audi automobile. In support, it first alleges that no defendant charged in the indictment has asserted any legal, financial or equitable interest in the Audi and therefore does not have any interest to forfeit to the government. Instead, Nugen contends, the forfeiture provision of the indictment is depriving it of its rightful ownership and possession of the vehicle, which is being retained by the government without probable cause or legal justification. [Doc. 216 at 2].

4

AO 72A
(Rev.8/82)

Nugen then states that it is the sole owner of the Audi, having purchased it on June 21, 2010. [*Id.*, Exh. 3]. It then asserts that it loaned the Audi to Sara Scott, a customer of Nugen's auto repair business while her own automobile was being repaired. [Doc. 250 at 3 & Exh. 4]. Nugen further states that the Audi was seized while in possession of Scott "or another person associated with [ ] Scott," by DeKalb County or Doraville police officers following the execution of a search warrant at 1855 8th Street, Chamblee, Georgia, where MDMA (ecstasy) and marijuana were also seized. [Doc. 250 at 3][1]. However, it contends that there has been no specific allegation that the Audi was used or intended for use to facilitate a drug offense and that even if it was, Nugen (and its owner, Paul Hue) had no knowledge of or participation in such activities. [*Id.*]. It further denies the allegation in the state forfeiture action that the Audi was proceeds of a drug offense. [*Id.* at 5].

Next, Nugen contends that DeKalb County did not comply with the statutory requirements for seizing and seeking forfeiture of the Audi and that as a result, Nugen has and continues to suffer damages. Finally, Nugen contends that the Audi is not

---

[1] Nugen asserts that the government may contend that an unidentified defendant nicknamed "Otis" was associated with Scott and has some financial interest in the Audi, but contends that since "Otis" was neither identified or apprehended the government cannot pursue the forfeiture provision against him. [Doc. 216 at 4].

5

contraband or subject to forfeiture pursuant to federal or state law. [*Id.*]. Nugen seeks immediate return of its property, [*id.* at 1, 6], and damages and fees for the unlawful seizure and loss of use of the vehicle. [*Id.* at 5].

In response, the government states that on October 1, 2010, a state search warrant was executed at 1855 8th Street in Chamblee and police seized 153.3 kilograms of MDMA, 21 pounds of marijuana, a firearm (that had been reported stolen), almost $40,000 in U.S. currency and the Audi. [Doc. 266 at 1, Exh. A]. It notes that neither Nugen nor Hue are charged in the superseding indictment and neither are parties to this case. [*Id.* at 2]. The government contends that as a non-party to the criminal action, Nugen has no right under 21 U.S.C. § 853(k) to intervene in the case until after conviction of one or more of the defendants. [Doc. 266 at 3]. It argues that Nugen's only remedy is an ancillary proceeding commenced following conviction and the entry of a preliminary order of forfeiture. [*Id.* at 3-4]. While contending that § 853 is dispositive of Nugen's motion, the government alternatively submits that if § 853(k) does not bar Nugen's claims at this time, and the government must defend on the merits, it should be allowed to make an *in camera* showing so as to not compromise its ongoing criminal case. [*Id.* at 5 n.1].

6

The government also responds to Nugen's argument that none of the defendants have any interest in the Audi by contending that until the ancillary proceeding, ownership in property subject to forfeiture by way of an indictment is irrelevant. [*Id.* at 5-6]. In addition, the government points out that requiring a defendant to assert an interest in the property at this time would adversely impact a defendant's constitutional and statutory protections. [*Id.* at 7]. It also contends that Nugen has failed to demonstrate that it has standing to litigate the propriety of the seizure or its innocent ownership at this time. [*Id.*].

Finally, the government argues that Nugen will be able to assert its rights to the vehicle pursuant to 21 U.S.C. § 853(n) and FED. R. CRIM. P. 32.2 after a preliminary order of forfeiture is entered. [Doc. 266 at 8-10].

In its reply, Nugen argues that "[t]he [g]overnment apparently concedes that it cannot show any basis to seek a forfeiture of the white Audi [because its response] does not contend that the white Audi was used or acquired in any illegal manner and no such claim has ever been made." [Doc. 267 at 2]. It also argues that the government has conceded that the vehicle is not subject to forfeiture because it did not alleged that any defendant named in the superseding indictment has any interest in the Audi. [*Id.*]. Therefore, it argues that the vehicle is not subject to forfeiture.

7

Finally, Nugen counters the government's argument that Nugen is seeking to circumvent the orderly process established by law to assure that seized property is returned to its rightful owner and preserve the integrity of the evidence, [citing Doc. 266 at 3], by arguing that since there is no evidence that any charged defendant has an interest in the property, all it is doing is trying to assure that the vehicle is returned to its rightful owner, i.e., Nugen. Without citation to any authority, while acknowledging that it cannot intervene in the trial or appeal, Nugen argues that it should not be forced to wait indefinitely until the government chooses to begin an ancillary proceeding and thus asks the Court to partially dismiss the forfeiture provision or return the vehicle to it while the forfeiture provision remains pending. [*Id.* at 4-5].

### B. Discussion

Because the Audi is the subject of a forfeiture provision in the defendants' indictment, the undersigned concludes that 21 U.S.C. § 835(k) precludes Nugen from bringing his motion for partial dismissal of the forfeiture provision of the indictment and for return of property. Section 853(k) provides:

**(k) Bar on intervention**

Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may--

8

> (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k). This provision clearly bars Nugen's motion. Although he tries to distinguish his motion to elude the intervention bar of § 853(k)(1), since Nugen is not a party to the criminal action, his motion serves the exact same purpose as a formal motion to intervene, and thus is prohibited by § 853(k). To the extent that the motion is viewed as a motion for return of property under FED. R. CRIM. P. 41(g), it is in reality an attempt to intervene in the criminal proceedings,[2] and thus is equally prohibited. *See id.* § 853(k)(1). And although Nugen has not filed an independent action, its request to be compensated for damages it claims to have suffered is similarly prohibited, since the motion was brought after the filing of the indictment alleging that the vehicle was subject to forfeiture. *See id.* § 853(k)(2).

---

[2] *See United States v. Potes Ramirez*, 260 F.3d 1310, 1313 n.6 (11th Cir. 2001) (holding that a motion filed under Rule 41(e) (now Rule 41(g)) is a civil proceeding only when it is filed after the termination of criminal proceedings). The undersigned notes, however, that *Potes Ramirez* involved a Rule 41 motion brought by the criminal defendant, not a third party.

9

As a result, the undersigned concludes that Nugen cannot bring its motion to partially dismiss the forfeiture provision because § 853(k) precludes this motion in this case. *See* 21 U.S.C. § 853(k); FED. R. CRIM. P. 32.2(b)(2) ("Determining whether a third party has [an interest in property] must be deferred until any third party files a claim in an ancillary proceeding[.]"); *see also Chaim v. United States*, 692 F. Supp. 2d 461, 471 (D.N.J. 2010) ("It is [ ] clear that once there is an indictment with a forfeiture allegation, an innocent third party . . . cannot then commence a Rule 41(g) proceeding.") (citing 21 U.S.C. § 853(k) and *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005)); *see also United States v. Moser*, 586 F.3d 1089, 1094 (8th Cir. 2009) ("Federal Rule of Criminal Procedure 32.2(b)(2) and 21 U.S.C. § 853(k) preclude third-party claimants from actually intervening in underlying criminal cases."). Instead, Nugen must await forfeiture proceedings and bring his claims pursuant to 21 U.S.C. § 853(n). *See* 21 U.S.C. § 853(k); *see also United States v. Patel*, No. 95-cr-190, 1996 WL 166949, *1 (N.D. Ill. Apr. 8, 1996) (concluding that § 853(k)(1) prohibited intervention in seeking return of van and money that was subject to forfeiture in an indictment where motion was filed pretrial); *cf. United States v. Douglas*, 55 F.3d 584, 586 n.8 (11th Cir. 1995) ("Section 853(k)(1) similarly bars third-parties from intervening directly in the criminal forfeiture prosecution."); *United States v. Lavin*,

10

942 F.2d 177, 182 (3d Cir. 1991) (noting that § 853(k)(1) bars a third-party from intervening in the "true 'criminal case' ").[3]

*Conclusion*

For all the above reasons, the Government's motion for an extension of time, [Doc. 250], is **GRANTED** *NUNC PRO TUNC*.  Further, the undersigned **RECOMMENDS** that Nugen's motion for partial dismissal of the forfeiture provision and for return of wrongfully seized property, [Doc. 216], be **DENIED**.

**IT IS SO ORDERED AND RECOMMENDED**, this the 18th day of July, 2011.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

---

[3] Contrary to Nugen's arguments, criminal forfeiture is not limited to property owned by a convicted criminal defendant. *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (holding that "[t]he statutory wording makes sufficiently clear that criminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches *any* property that is 'involved' in the offense. The likelihood that some property involved in an offense will be owned by persons other than the criminal defendant is reflected in the provision for an ancillary proceeding.") (emphasis in original).

11